IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

UNITED STATES OF AMERICA )
                         )
    v.                   )    CRIMINAL CASE NO.
                         )      02:94cr62-MHT
OSCAR ANDREWS            )         (WO)

OPINION AND ORDER

On May 22, 2006, defendant Oscar Andrews filed a pleading styled as a "Motion to Reopen Title 28 U.S.C. § 2555."[1]  By this motion, Andrews challenges his convictions and prison sentence for engaging in a continuing criminal enterprise, possession with intent to distribute cocaine, and aiding and abetting the possession with intent to distribute cocaine.

---

1. Although the motion is date-stamped "received" on May 25, 2006, under the "mailbox rule," the court deems it filed on the date Andrews delivered it to prison authorities for mailing, presumptively, May 22, 2006, the day that he signed it.  See Houston v. Lack, 487 U.S. 266, 271-72 (1988); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001).

Andrews asserts that his convictions and sentence are due to be set aside, because (1) this court, and not the grand or petit jury, "made the requisite finding of guilt on all essential elements of the crime" with which he was charged; (2) the indictment failed to allege specific drug amounts; (3) the jury was not properly instructed as to the object of the multi-object conspiracy; and (4) this court "used the wrong standard of review in sentencing [Andrews] to a life term." Motion (Doc. no. 1889) at 1-2.

The claims asserted by Andrews challenge the fundamental legality of his convictions and sentence. As such, Andrews seeks relief from this court that is appropriate only under 28 U.S.C. § 2255. See Wofford v. Scott, 177 F.3d 1236, 1244-45 (11th Cir. 1999); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Thus, regardless of Andrews's own labeling of the instant motion, this court finds that his motion is of the same legal effect as a motion to vacate, set aside, or correct

2

sentence under § 2255.  See United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990) (federal courts have "an obligation to look behind the label of a motion filed by a pro se inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework").

Andrews filed a previous § 2255 motion challenging his convictions and sentence on February 20, 2000.  This court denied that motion, deciding all claims adversely to Andrews.  United States v. Andrews, Case No. 2:94cr62-MHT: June 12, 2003, recommendation of the magistrate judge (Doc. no. 1627), adopted as judgment of the court by order of July 9, 2003 (Doc. no. 1659).  Thus, treating the instant motion as one under § 2255, this would be a second or successive § 2255 motion.

A second or successive § 2255 motion in the district court requires the movant first to secure from the appropriate court of appeals an order authorizing the

3

district court to consider the motion.[2] 28 U.S.C. § 2244(b)(3)(A). Because Andrews has not received certification from the Eleventh Circuit Court of Appeals authorizing this court's consideration of his successive § 2255 motion, this court lacks the jurisdiction to consider his present motion, and the motion is due to be summarily denied. See, e.g., Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003); Boone v. Secretary, Dept. of Corrections, 377 F.3d 1315, 1317 (11th Cir. 2004).

For the foregoing reasons, it is ORDERED that defendant Oscar Andrews's motion to reopen (Doc. no. 1889) is denied because he has failed to obtain the requisite order from the Eleventh Circuit Court of

---

[2]. The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255 ¶8.

**Appeals authorizing this court to consider a successive § 2255 motion.**

**DONE, this 26th day of May, 2006.**

**UNITED STATES DISTRICT JUDGE**