IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 94cr62-MHT |
| | ) | |
| OSCAR ANDREWS | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On February 11, 2010, Andrews filed his "Motion to Adopt by Reference on the Behalf of Oscar Andrews, the Entirety of the § 2255 Proceeding Of His Codefendant Jerry Lindsay Artis; or in the Alternative Motion Pursuant to Rule 60(b) to Correct A Plain Error; or in the Further Alternative Petition For Autida Querela to Correct a Miscarriage of Justice." (doc. # 2013)  Before addressing this motion,[1] a short history of the proceedings is necessary.

On February 24, 1994, Andrews was indicted along with numerous other defendants in a multi-count drug conspiracy and distribution indictment.  The original indictment was filed on February 24, 1994.  Superseding indictments were filed on March 29, 1994, June 6,

---

[1]Of course, if Andrews' motion were to be construed as a habeas claim, the court lacks jurisdiction to consider it because it is a successive § 2255, and he has not received permission from the Eleventh Circuit Court of Appeals to file it.  *See* 28 U.S.C. § 2255(h), cross-referencing 28 U.S.C. § 2244(b).  However, in some limited circumstances FED.R.CIV.P.  60(b) may afford relief.  *Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005).  A Rule 60(b) motion is construed as a post-conviction motion to vacate a sentence under § 2255 where it "seeks to add a new ground for relief," or "attacks the federal court's previous resolution of a claim on the merits." *Gonzalez*, 545 U.S. at 532.  A petitioner who files a Rule 60(b) motion may not circumvent the statutory restrictions on second or successive applications, unless the Rule 60(b) motion attacks a defect in the integrity of the federal habeas proceedings, such as fraud upon the federal court that led to the denial of the original habeas petition. *Id.*, 545 U.S. at 532.  Arguably, Andrews is attacking the integrity of the first § 2255 proceeding when he alleges that he was treated differently than a codefendant.  For this reason, the court has considered the merits of Andrews' claims.

1994 and again on August 18, 1994.

On November 7, 1994, Andrews proceeded to trial along with his several co-defendants.  On November 17, 1994, the jury returned a guilty verdict against Andrews on count one, conspiracy to distribute cocaine in violation of  21 U.S.C. § 846; count 2, engaging in a continuing criminal enterprise (CCE) in violation of  21 U.S.C. § 848(a); and counts 18, 21 and 23,  possession with intent to distribute cocaine and aiding and abetting in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.  On May 22, 1995, Andrews was sentenced to concurrent terms of life imprisonment without parole on the CCE count and the three distribution and aiding and abetting counts.[2]  On August 7, 1998, the Eleventh Circuit Court of Appeals affirmed the judgment of conviction as to Andrews deciding all issues adversely to him.  *United States v.  Morrow*, 156 F.3d 185 (11th Cir. 1998) (Table NO. 95-6423), the defendant filed  a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  After allowing Andrew's numerous amendments to the motion, that motion was denied on July 9, 2003.[3]

In Andrew's § 2255 motion filed in 2000, he raised a *Richardson v. United States*, 526 U.S. 813 (1999) claim concerning the CCE jury instruction.  In *Richarson*, the court held that in a CCE case the jury must unanimously agree not only that defendant committed

_____

[2]Although the jury found Andrews guilty on count one, the government elected the CCE count because conspiracy is a lesser included offense of the CCE offense.  (Trial Tr., Verdict, at 19.)

[3]Subsequently, Andrews has filed several motions for relief, all of which have been denied.

some continuing series of violations, but also about which specific violations make up that

continuing series.  In resolving Andrew's § 2255 motion, the court found that his substantive

*Richardson* claim was procedurally defaulted because he failed to raise it on direct appeal.

Nonetheless, as reflected below the court effectively considered the claim in determining

whether Andrew's counsel provided ineffective assistance of counsel within the meaning

of *Strickland v. Washington*, 466 U.S. 668 (1984).

> **1.  The *Richardson* Claim**.  Andrews was convicted of engaging in a
> continuing criminal enterprise ("CCE") in violation of 21 U.S.C. § 848.  After
> Andrews' conviction, the Supreme Court decided *Richardson v. United States*,
> 526 U. S. 813 (1999), in which the Court held that, with respect to a CCE
> charge under 21 U.S.C. § 848, a jury must agree unanimously on which
> specific predicate violations established the continuing series of violations
> prohibited by the statute. 526 U.S. at 815.  A *Richardson* claim is retroactively
> applicable to cases on collateral review.  *United States v. Ross*, 289 F.3d 677,
> 681 (11th Cir.) *cert. denied*, 123 S.Ct. 944 (2002).  A *Richardson* violation is
> also subject to harmless error review under *Brecht v. Abrahamson*, 507 U.S.
> 619 (1993).  *Ross*, 289 F.3d at 683.

> Andrews claims that the court's jury charge on Count 2 of the
> indictment, the CCE count, denied him due process and that his counsel was
> deficient because he did not object to the court's failure to charge the jury as
> required by *Richardson* that they must unanimously find a continuing series of
> violations and also determine the specific violations which constitute the
> series.  For two important reasons, Andrews is entitled to no relief on this
> claim.  First, any *Richardson* violation was harmless; therefore, the defendant
> can show no prejudice within the meaning of *Strickland*.  Second, as a matter
> of law in this circuit, counsel cannot be ineffective for failing in 1994 to
> predict what the Supreme Court would hold in 1999.  The court will explain
> these conclusions more in depth.

> At the conclusion of the defendant's trial the court instructed the jury
that

> a continuing series of violations' means proof of at least three

3

violations of the federal controlled substances laws as charged in Counts One, Two, and Counts Five through Twenty-two – Five through Twenty-seven of the Indictment, and also requires a finding that those violations were connected together as a series of related or ongoing activities, as distinguished from isolated and disconnected acts.

(Trial Tr., Jury Charge, at 159-60). While the jury was not charged that they must unanimously agree about which of at least three violations constituted the "series," any error in this instruction was harmless under a *Brecht* analysis. *See Ross*, 289 F.3d at 682 (holding that the *Brecht* harmless error analysis is the proper analysis of a *Richardson* claim.) The jury in this case unanimously found three specific violations which made up the continuing series by convicting Andrews on three separate counts of possession with intent to distribute cocaine and aiding and abetting in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Because conviction on these counts was rendered by a unanimous verdict of the same jury which convicted the defendant on the CCE count, the court cannot find that the failure of the trial court to charge the jury in a manner consistent with *Richardson* had a substantial and injurious effect on the jury's verdict in this case.

> The fact that the jury found [Andrews] guilty of these . . . substantive drug offenses "necessarily establishes that the jurors agreed unanimously that he was guilty of those offenses." *Murr v. United States*, 200 F.3d 895, 906 (6th Cir. 2000). In conclusion, the jury's unanimous finding of guilt on the . . . substantive drug offenses ensures that the core concern of the *Richardson* decision – that jurors might convict on the basis of violations for which there was non-unanimity – is not present in this case.

*Sawyer v. Holder*, 326 F.3d 1363, 1366 (11th Cir. 2003). The court finds that any error was harmless and that Andrews was not prejudiced by his counsel's actions.

Second, counsel's failure to predict in 1994 the *Richardson* decision in 1999 did not amount to ineffective assistance of counsel. In *United States v. Ardley*, 273 F.3d 991, 993-994 (11th Cir. 2001) (concurrence in denial of application for rehearing *en banc*), *cert. denied*, 535 U.S. 979 (2002), four judges of this circuit point out that in the Eleventh Circuit there is a "wall of

binding precedent" which shuts out any contention that an attorney's failure to anticipate a change in the law constitutes ineffective assistance of counsel. *See, e.g., Spaziano v. Singletary*, 36 F.3d 1028, 1039 (11th Cir. 1994) ("We have held many times that '[r]easonably effective representation cannot and does not include a requirement to make arguments based on predictions of how the law may develop.'"); *Davis v. Singletary*, 119 F.3d 1471, 1476 (11th Cir. 1997) ("[i]t was not professionally deficient for [counsel] to fail to anticipate that the law in Florida would be changed in the future to bar the admission of hypnotically induced testimony."); *Thompson v. Wainwright*, 787 F.2d 1447, 1459 n.8 (11th Cir. 1986) ("defendants are not entitled to an attorney capable of foreseeing the future development of constitutional law").  The rule applies even if a claim based upon anticipated changes in the law was reasonably available at the time counsel failed to raise it. *See, e.g., Pitts v. Cook*, 923 F.2d 1568, 1572-74 (11th Cir. 1991) (holding that even though a claim based upon *Batson v. Kentucky*, 476 U.S. 79 (1986), was "reasonably available to counsel at the time of the 1985 trial, failure to anticipate the *Batson* decision and raise that claim was not ineffective assistance of counsel").  "The rule that it is not ineffective assistance for an attorney to fail to foresee a change in the law applies even when the change is such that the forfeited issue was, in hindsight, a sure fire winner." *Ardley*, 273 F.3d at 993 *quoting Wright v. Hopper*, 169 F.3d 695, 707-08 (11th Cir. 1999) (*Batson* issue).  Andrews is not entitled to any relief because his counsel failed to anticipate *Richardson*.

Recommendation of the Magistrate Judge, 2:94cr62 at 7-10 (M.D. Ala. June 12, 2003) (doc. # 1627), adopted by the court July 9, 2003 (doc. # 1659)(footnote omitted).

In his latest motion Andrews argues that he has been treated differently from a codefendant, Jerry Lindsey Artis because Artis' *Richardson* claim was resolved favorably to Artis and his life sentence was reduced to 20 years imprisonment.  This is Andrews' argument:

"[S]ince the treatment of Mr. Artis in the granting of his § 2255 motion and being re-sentenced to only 20 years in the same court with a different judge is highly disparate to Mr. Andrews's § 2255 motion being denied in all aspects, is plain error, a miscarriage of justice, all of which shocks the conscience, the ends of justice demand that this cause and prejudice be remedied in whatever way this Court deems just and proper."

(Doc. # 2013 at 3).

Andrew's disparate sentencing claim is patently erroneous. Unlike Andrews, Artis was convicted only on the conspiracy (count 1) and CCE (count 2) counts in the indictment. Thus, upon consideration of Artis' *Richardson* claim, the court could not conclude that the erroneous CCE jury instruction was harmless.

> To determine whether the court's failure to a give a *Richardson* instruction constitutes harmless error, the court "must determine whether grave doubt exists as to whether the jury would have unanimously found that [Artis] committed [three] connected violation[s]." *Ross*, 289 F.3d at 683. After careful consideration of the issue, the court concludes that the error in the instruction was not harmless under a *Brecht* analysis. The jury convicted Artis only on counts one and two, conspiracy and continuing criminal enterprise. Artis was not named in any other count, nor was he named in any overt act in the indictment. While the court in *Ross* held that failure to give a *Richardson* instruction was harmless error, it did so because "at trial, more than fifteen witnesses for the Government testified about Ross's participation in hundreds of controlled substance offenses." 289 F.3d at 685. That is not the case here. Only one witness testified to Artis' involvement in distributing illegal drugs. In addition, this witness testified that he had not made a "controlled buy" from the defendant. (Trial Tr, Vol. 5, Jan. 13, 1995, V-60.) Finally, the jury acquitted defendant Price. Thus, the court has "at least 'grave doubt' about whether the absence of a *Richardson* instruction in this case had "substantial and injurious effect or influence in determining the jury's verdict." *Ross*, 289 F.3d at 683, *quoting Smith v. Singletary*, 61 F.3d 815, 819 (11th Cir. 1995). Accordingly, the court concludes that the defendant's CCE conviction is due to be vacated.

Recommendation of the Magistrate Judge, 2:94cr62 at 7-10 (M.D. Ala. July 11, 2003) (doc. # 1664), adopted by the court October 17, 2003 (doc. # 1725).

Accordingly, the court vacated Artis' CCE conviction, reinstated his conviction on the conspiracy count and sentenced him to 20 years imprisonment on the reinstated count. The difference between Andrews and Artis' situation is obvious. The jury unanimously found

6

Andrews guilty of participation in three counts of distribution of controlled substances. This unanimous jury determination supported the court's conclusion that any error in instructing the jury was harmless in Andrew's case.   Artis was not named in or found guilty of any distribution count, and he was not named in any overt act specified in the indictment.  Thus, as to Artis, the court could not say the *Richardson* error was harmless.  Andrews' claims lack merit, and his latest motion should be denied.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Andrew's motion be DENIED.  It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **March 5, 2010.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th  Cir. 1982).  *See also Bonner v. City of*

*Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 22nd day of February, 2010.

_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE